IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05-CR-30015-DWD-3 |
| ) | |
| ANTHONY WATTS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter comes before the Court on Defendant Anthony Watts' Motion for Early Termination of Supervised Release (Doc. 939). In July 2006, Watts was sentenced to 290 months imprisonment, to be followed by 10 years of supervised release for multiple counts of cocaine related offenses in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(B)(ii), and 846 (Docs. 331, 355). Watts was further assessed a fine of $900.00 and a special assessment of $200.00 (*Id.*). Watts began his term of supervised release on May 18, 2018 (Doc. 942); *see also,* https://www.bop.gov/inmateloc (last visited Dec. 7, 2021).

After having served approximately forty-two (42) months of his supervised release, Watts now asks the Court to reduce that term to time served under the authority of 18 U.S.C. § 3583(e)(1). In support of his request, Watts claims that since his release from prison, he has maintained steady employment and has positively adjusted back into society (Doc. 939). He further represents that he has no violations or issues with law enforcement and apologizes for his prior conduct (*Id.*).

The Government filed a Response opposing Watts' request (Doc. 942). The Government opposes the early termination of Watts' supervised release at this time because he has only been on supervised release for a short time. The Government also raises concerns about Watts' prior history of violence. Nevertheless, the Government noted the significant progress Watts has made adjusting to supervision so far. Specifically, the Government represents that Watts has remained employed, resides with family, has no known violations of his supervised release, and all of his urine screens have been negative. Watts has further paid his financial obligations in full.

The United States Probation Office likewise commented that Watts has positively adjusted to supervision, noting that he earns a living wage and supports himself and his family independently. Probation further represented that Watts has not been referred to mental health or substance abuse training at this time. While Probation did not make a recommendation as to the appropriateness of early termination, the office acknowledges that Watts' "prognosis upon completion of supervised release is good." (Doc. 942, at p. 6). Similarly, the Government suggests that depending on his future conduct, or at least after half of his term of supervision is served, that Watts could become a qualified candidate for early termination of his supervision in the future; just not now.

After considering the factors listed in 18 U.S.C. § 3553(a), the Court has discretion to terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011). The Court has broad discretion in "deciding

whether to terminate supervised release early." *United States v. Sadiq*, 2020 WL 496132, at *1 (S.D. Ill. Jan. 30, 2020) (relying on *Lowe*, 632 F.3d at 997).

After considering the relevant factors in 18 U.S.C. § 3553(a), and for the reasons set forth in the Government's response to Watts' motion, the Court concludes that early termination is not warranted by Watts' conduct or the interest of justice at this time. The Court commends Watts for the positive progress he has made since adjusting to supervision. While his success so far is certainly creditable, the Court finds that early termination of Watts' supervised release is not appropriate at this time. Specifically, the Court notes that continued supervision is necessary to reflect the seriousness of defendant's offense and to afford continued adequate deterrence to criminal conduct. Also, Watts may still benefit from the guidance that can be offered from the United States Probation Office.

As the Court finds that early termination of Watts' supervised release is not appropriate at this time, no hearing is required. *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003) (Federal Rule of Criminal Procedure 32.1(c) requires the court to hold a hearing "before *modifying* the conditions of probation or supervised release. But the rule does not compel the court to hold a hearing before *refusing* a request for modification.") (emphasis in original). Accordingly, Defendant's motion for early termination of supervised release (Doc. 939) is **DENIED, without prejudice**.

**SO ORDERED.**

Dated: December 14, 2021

_____
DAVID W. DUGAN
United States District Judge