**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|                      ) | |
|       **Plaintiff,**         ) | |
|                      ) | |
| **vs.**                       ) | **Case No. 05-CR-30015-DWD-3** |
|                      ) | |
| **ANTHONY WATTS,**      ) | |
|                      ) | |
|       **Defendant.**      ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on Defendant Anthony Watts' second Motion for Early Termination of Supervised Release (Doc. 969). In July 2006, Watts was sentenced to 290 months' imprisonment, to be followed by 10 years of supervised release for multiple counts of cocaine related offenses in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(B)(ii), and 846 (Docs. 351, 355). Watts was further assessed a fine of $900.00 and a special assessment of $200.00 (*Id.*). Watts began his term of supervised release on May 18, 2018 (Doc. 943); *see also*, https://www.bop.gov/inmateloc (last visited July 15, 2024). On December 14, 2021, the Court entered an Order (Doc. 943) denying Watts' first Motion for Early Termination of Supervised Release (Doc. 939). While the Court commended Watts for the positive progress he had made in his forty-two months of supervision, it found "continued supervision [wa]s necessary to reflect the seriousness of defendant's offense and to afford adequate deterrence to criminal conduct" and that "Watts may

1

still benefit from the guidance that can be offered from the United States Probation Office" (Doc. 943).

After having served nearly seventy-four (74) months of his supervised release, Watts now asks the Court to reduce that term to time served under the authority of 18 U.S.C. § 3583(e)(1). In support of his request, Watts claims that since his release from prison, he has maintained steady employment and has stayed within the guidelines of the law (Doc. 969). Watts further maintains that he is a "very changed man" at 57 years old (*Id.*).

The Government and the United States Probation Office do not oppose the request for early termination (Doc. 970). The Probation Office indicates that Watts was transferred to low activity caseload in June 2022 due to his continued compliance with conditions of supervision, has no dynamic risk factors or elevated thinking styles, and appears to have a positive support system through his family members. Furthermore, the Probation Office states Watts has adjusted well to supervision, has had no issues with law enforcement, and has maintained regular contact and had no violations with the Probation Office. The Probation Office also states that Watts is not currently utilizing any resources because of the Probation Office.

18 U.S.C. § 3583(e)(1) provides that "the court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct

of the defendant released and the interest of justice." *See also* Fed. R. Crim. Proc. 32.1(c)(2) (allowing for modification of supervised release without a hearing).

After considering the motion and the Section 3553(a) factors, the Court finds that early termination of Watts' supervised release is warranted by his conduct and in the interest of justice. Accordingly, the Motion for Early Termination of Supervised Release (Doc. 969) is **GRANTED**. The previously imposed term of supervised release is **TERMINATED** as of the date of this Order.

**IT IS SO ORDERED.**

Dated: July 16, 2024

/s *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge